IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY E. WALKER, | ) |
| Plaintiff(s), | ) No. C 08-1265 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL |
| JANE DOE, et al., | ) |
| Defendant(s). | ) |

Plaintiff, a prisoner at the California Medical Facility in Vacaville, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging that on January 17, 2006, while he was at the San Francisco County Jail, Jane Doe gave him a razor he requested and he proceeded to cut his wrists. Plaintiff argues that had Doe checked, she would have discovered that he had been previously housed in the mental health unit on suicide watch. Plaintiff claims that Doe's "negligence" and failure to follow policy concerning razors caused him his injury.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable

1 claims or dismiss the complaint, or any portion of the complaint, if the complaint
2 "is frivolous, malicious, or fails to state a claim upon which relief may be
3 granted," or "seeks monetary relief from a defendant who is immune from such
4 relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri
5 v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

6     To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
7 elements:  (1) that a right secured by the Constitution or laws of the United States
8 was violated, and (2) that the alleged violation was committed by a person acting
9 under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

10 B.     Legal Claims

11     Although regrettable, plaintiff's allegations must be dismissed because
12 they amount to no more than a claim for negligence or gross negligence, and it is
13 well-established that neither is actionable under § 1983 in the prison context.  See
14 Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright,
15 900 F.2d 1332, 1334 (9th Cir. 1990).  Plaintiff may have a claim under California
16 law in the state courts, but not under § 1983 here.

17 **CONCLUSION**

18     For the foregoing reasons, the complaint is DISMISSED under the
19 authority of 28 U.S.C. § 1915A(b).

20     The clerk shall enter judgment in accordance with this order, terminate all
21 pending motions as moot, and close the file.

22 SO ORDERED.

23 DATED:  March 14, 2008

                              CHARLES R. BREYER
24                               United States District Judge

25
26
27
28 G:\PRO-SE\CRB\CR.08\Walker, J5.dismiss.wpd          2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY E. WALKER,

        Plaintiff,

  v.

JANE DOE et al,

        Defendant.
                                              /

Case Number: CV08-01265 CRB

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 14, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jeffery E. Walker F-11343
CMF
P.O. Box 2000
Vacaville, CA 95696-2000

Dated: March 14, 2008

                                      Richard W. Wieking, Clerk
                                      By: Barbara Espinoza, Deputy Clerk